IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. STEVEN and
HAROLD D. JOHNSON,

        Plaintiffs,

v.                                                                       Case No. 19-1179-JWB

TOYOTA MOTOR SALES USA, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to dismiss (Doc. 5) and Plaintiff Michael Steven's motion to amend (Doc. 16). The motions have been fully briefed and are ripe for decision. (Docs. 6, 15, 17, 21.) Defendant's motion is GRANTED and Steven's motion is DENIED for the reasons stated herein.

**I.    Facts**

The following facts are taken from the allegations in Plaintiff's complaint. Plaintiff Steven has been a Toyota dealer since 1970. Plaintiff Johnson was Steven's Chief Financial Officer. Defendant Toyota Motor Sales USA ("Toyota") is a California corporation. In 1989, Toyota announced that they were unveiling a new luxury line called "Lexus." (Doc. 1 at 2.) Toyota informed its dealers that current Toyota dealers would be favored to become Lexus dealers. Steven sent a request to be appointed as the new Lexus franchisee in the same area that Steven had a Toyota franchise. Steven was allegedly informed by Toyota representatives that he was favored for the new franchise. There were other applicants for the franchise, however. After receiving the news that he would be selected, Steven acquired property for the new Lexus

dealership that satisfied Toyota's requirements. Steven informed Toyota of his real estate purchase. Toyota representatives were enthusiastic about the property.

After expending significant funds, Steven was notified by Lexus representatives that he was not selected as the Lexus franchisee. The new franchise was awarded to Gorges and Wittman Lexus, LP. Steven then called Gorges and offered him $1,000,000 if he would decline the dealership. Gorges declined the offer after speaking with his partners. Steven wrote a letter to Lexus Vice President David Illingsworth to inquire as to why his offer was rejected. Illingsworth informed Steven that were several issues with Steven's Toyota franchise. Steven "understood the letter from [] Illingsworth to mean that Steven's future as a Toyota franchisee would be in jeopardy if they filed a complaint concerning the appointment of a non-Toyota dealer." (Doc. 1 at 5.) Because of these "threats," Plaintiffs were prohibited from pursuing a complaint against Toyota. (*Id.*) Plaintiffs assert that they could not file a complaint until Steven sold his franchise in 2016. Plaintiffs also assert that Brian Barents, a Toyota employee involved in the Lexus Dealership Development, awarded the franchise to Gorges & Wittmann because he had a partnership interest in the dealership. Plaintiffs allege that this was a conflict of interest, illegal, and a violation of Toyota's standards.

Plaintiffs allege that Toyota's actions resulted in a decrease in sales volume in the Toyota franchise and a loss of profits from the Lexus franchise. Steven has asserted a claim under the Automobile Dealers Day in Court Act ("ADDCA"), 15 U.S.C. § 1222, alleging that the ADDCA was violated as Toyota acted in bad faith by threatening Steven and not awarding him the franchise. Johnson asserted a claim of tortious interference with a business relationship due to the failure to award the Lexus franchise to Steven.

Toyota has moved to dismiss the complaint on the basis that Steven does not have standing under the ADDCA and all claims are barred by the statute of limitations. Steven filed a response to the motion to dismiss. (Doc. 15.) Howard did not file a response. Steven also has moved to amend the complaint against Toyota. (Doc. 16.) Steven's proposed amended complaint names Steven as the sole Plaintiff. Steven continues to assert a claim under the ADDCA and also asserts a claim of promissory estoppel under Kansas law. The amended complaint includes affidavits from both Steven and Johnson. Essentially, the amended complaint adds allegations regarding the alleged threats made by Toyota. The new allegations state that Steven "exchanged several letters with Toyota representatives" regarding Toyota's decision not to award him the Lexus franchise. (Doc. 16-1 at 6.) Steven allegedly received vague responses from Toyota. In "many future conversations with Toyota representatives," Steven was told that if he insisted on making an issue about the Lexus franchise, Steven's Toyota dealership would be in jeopardy. (*Id.*) These alleged threats included revocation of the franchise, appointing a second Toyota franchise in Steven's area, decreasing Steven's car allocation, and excessive audits. There are no dates or time periods identified for these new alleged threats. Steven's affidavit states that the initial letter exchange with Illingsworth occurred in the "fall of 1989." (Doc. 16-1, Steven aff. at 4.)

Steven asserts that the statute of limitations was tolled due to Toyota's coercions, intimidations, and threats. (Doc. 16-1, at 2.) As a result, Toyota should be estopped from asserting a statute of limitations defense. (*Id.*)

## II. Motion to Dismiss Standards

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [his] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

### III. Analysis

#### A. Motion to Dismiss

##### i. ADDCA Claim

Toyota moves to dismiss this claim on the basis that Steven does not have standing to bring the claim as he is not a dealer under the ADDCA. Alternatively, Toyota states that this claim is barred by the statute of limitations. In support of its motion, Toyota has attached a copy of the dealer agreement for the Toyota dealership in Wichita that was executed on October 23, 1989. (Doc. 6, Exh. 1.) Toyota asserts that the court may consider the agreement because it is central to Plaintiffs' claims. (Doc. 6 at 4.) A court may consider a document that is central to a parties' claim if the document is not in dispute. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint and the amended complaint make several references to the fact that Steven is a franchisee and that his franchise was threatened by Toyota. Moreover, in

order to assert a claim under the ADDCA, it must be based on an alleged failure to act in good faith in compliance with the terms of an agreement. 15 U.S.C. § 1222. Therefore, the court finds that the agreement is central to Steven's claim against Toyota. In his response, Steven does not challenge the authenticity of the agreement and also refers to the agreement and the fact that he is a signatory. (Doc. 15 at 2-3.) Accordingly, the court will consider the franchise agreement in determining the motion to dismiss. The court now turns to the requirements to bring a claim under the ADDCA.

> The ADDCA provides as follows:
>
> An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer from and after August 8, 1956, to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer: Provided, That in any such suit the manufacturer shall not be barred from asserting in defense of any such action the failure of the dealer to act in good faith.

15 U.S.C. § 1222.

The plain language of the statute provides that only an "automobile dealer" may bring an action under the ADDCA. *Jackson v. Volvo Trucks N. Am., Inc*., 462 F.3d 1234, 1239 (10th Cir. 2006). An automobile dealer is defined as "any person, partnership, corporation or association, or other form of business enterprise ... operating under the terms of a franchise and engaged in the sale or distribution of passenger cars, trucks, or station wagons." *Id.* (quoting 15 U.S.C. § 1221(c)). A franchise is then defined as the agreement or contract between the dealer and an automobile manufacturer. *Id.* Therefore, "an automobile dealer must be a party to a franchise agreement with the manufacturer" in order to have standing to bring an action under the ADDCA. *Id.*

Turning to the agreement, the parties to the agreement are Toyota, as the manufacturer, and Eddy's Toyota of Wichita, Inc., as the dealer. (Doc. 6-1 at 1.) The agreement states that the dealer is a corporation and that the dealer's owners are Edward Steven and Michael Steven. Both Edward and Michael Steven signed the agreement on behalf of Eddy's. (*Id.* at 1-2.) Reviewing the agreement, it is clear that Steven is not a party to the agreement although he is a signatory for Eddy's. Under the plain language of the statute, Steven does not have standing to bring a claim. Steven argues, however, that an exception should apply in this case. Toyota argues that *Jackson* forecloses Steven from pursuing his claim.

In *Jackson*, *supra*, the plaintiff was a shareholder in the dealership corporation. The plaintiff urged the circuit to "carve out an exception to the plain language of the [ADDCA] because his personal economic interests are inextricably woven into Great Basin Companies' corporate interests." *Jackson*, 462 F.3d at 1239. In support of his argument, the plaintiff pointed to *Kavanaugh v. Ford Motor Co.*, 353 F.2d 710 (7th Cir. 1965). In that case, Ford had entered into an agreement with a "dealership corporation in which [Ford] owned 100 percent of the voting stock." *Jackson*, 462 F.3d at 1239. The plaintiff in *Jackson* was a signatory to the agreement. The Seventh Circuit allowed the plaintiff to go forward against Ford after recognizing that it "would be absurd to assume [Ford] would agree to initiate an ADDCA claim against itself. Thus, the only way for the dealership to avail itself of the protections of the Act would be to 'pierce the corporate veil' and allow Kavanaugh to protect the dealership's interests." *Id.*

In *Jackson*, the Tenth Circuit declined to address whether it would allow a shareholder to go forward on facts similar to *Kavanaugh*. The circuit held that the plaintiff in *Jackson* was not in a similar position as he was not a signatory to the agreement and Volvo, the defendant, did not

control the operations of the dealer corporation. *Id.* at 1239-40. In this case, while Steven is a signatory, Steven has not alleged that Toyota controlled the operations of Eddy's and could have "completely precluded [Eddy's] from making the decision to sue." *Id.* at 1240. Rather, Steven argues that he must bring the suit because the current shareholders "have no incentive to pursue litigation against Toyota to remedy the past sins against their dealership." (Doc. 15 at 4.) Steven's position, however, is not supported by the holdings in either *Jackson* or *Kavanaugh*. As stated by the Tenth Circuit, the "Seventh Circuit's analysis was driven in large part by its recognition that Kavanaugh was the only person or entity who could have pursued an action against the manufacturer under the ADDCA." *Id.* at 1239-40 (citing *Kavanaugh*, 353 F.2d at 717) ("It is inconceivable that Ford, owning all the voting stock of the dealership corporation and being in complete control of it, would ever seek the protection afforded by the statute.") Here, Steven has failed to allege that Eddy's cannot pursue an action against Toyota. Eddy's would just rather not do so. Moreover, an allegation that Eddy's could not have brought an action would be implausible. Under the agreement and the stated ownership of Eddy's, it is clear that Toyota does not have a controlling ownership interest in Eddy's.

While the circuit did not foreclose an exception under facts such as Jackson's, it also noted that "most other circuits have expressly refused to carve out exceptions to the ADDCA." *Id.* at 1241 (citing cases). The text of the statute is unambiguous on its face. *Id.* "Where parties choose the corporate form and receive all the benefits that flow from that structure, [the court] should be hesitant to ignore the consequences." *Id.* As Steven is not a dealer under the ADDCA, Steven does not have standing to bring a claim. *Jackson*, 462 F.3d at 1239-40. Therefore, his claim under the ADDCA must be dismissed.

Alternatively, the claim would be subject to dismissal as it is barred by the statute of limitations, *see* 15 U.S.C. § 1223 (statute of limitations is three years), and the statute of limitations has not been tolled for the reasons discussed *infra*.

### ii. Tortious Interference Claim

Toyota also moves to dismiss Howard's tortious interference claim on the basis that it is barred by the statute of limitations and the statute of repose. (Doc. 6 at 12-16.) Howard did not file a response to Toyota's motion. Therefore, Toyota's motion is granted as uncontested. D. Kan. R. 7.4. Moreover, based on the allegations in the complaint, the court finds that Howard's claim is barred by the statute of limitations K.S.A. 60–513(a)(4) (two years) and the statute of repose K.S.A. 60–513(b) ("in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.")

### B. Motion to Amend

Steven has moved to amend his complaint to add facts concerning the alleged threats by Toyota and also include a new claim of promissory estoppel. Toyota opposes the motion to amend on the basis that it is futile. Toyota argues that the new allegations do not support a claim under the ADDCA and that both claims are barred by the statute of limitations.

### i. ADDCA Claim

Steven's proposed amended complaint does not cure the deficiencies identified in this order. Steven does not have standing under the ADDCA as he is not a party to the dealer agreement. *Jackson*, 462 F.3d at 1239-40. Therefore, Steven's claim under the ADDCA fails as a matter of law.

### ii. Promissory Estoppel

Toyota opposes Steven's motion to amend and add a claim of promissory estoppel on the basis that it is barred by the statute of limitations. Steven's proposed amended complaint states that the statute of limitations has been tolled due to Toyota's actions and that Toyota is equitably estopped from asserting the statute of limitations defense. (Doc. 16-1 at 2.) Toyota argues that Steven has failed to allege sufficient facts that would support a tolling of the statute of limitations.

As pointed out by Toyota, this court looks to state law with respect to the statute of limitations. *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632–33 (10th Cir. 1993). Under Kansas law, Steven's claim of promissory estoppel must be brought within three years. K.S.A. 60-512(1). The allegations concerning the claim of promissory estoppel are that Toyota made representations to Steven that he would be awarded the Lexus franchise. Steven alleges that he relied on those representations by purchasing real estate for the new Lexus franchise. (Doc. 16-1 at 11.) The facts alleged in the proposed amended complaint show that these events occurred in 1989. Therefore, Steven had knowledge of the basis of his potential claim at that time. Steven, however, asserts that Toyota's conduct in threatening Steven's Toyota franchise prevented him from bringing suit while he was one of the owners of Eddy's.

In his brief in opposition to dismissal, Steven asserts that the facts alleged in his proposed amended complaint are sufficient to find, at this stage, that the statute of limitations was either equitably tolled or that Toyota is estopped from raising the statute of limitations as a defense. (Doc. 15 at 5-10.) Turning first to equitable tolling, the Tenth Circuit has held that equitable tolling requires Steven to show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Wilson v. Dowling*, 702 F. App'x 724, 726 (10th Cir. 2017). Neither element is met here. Reviewing

Steven's allegations in the amended complaint, Steven asserts that Toyota has made several threats. The only time period identified for these threats is the fall of 1989. It is Steven's burden to establish a "factual basis for tolling" when it is clear from the dates in the complaint that the right to sue has been extinguished. *Chrisco v. Holubek*, 711 F. App'x 885, 888 (10th Cir. 2017) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). A party who waits more than twenty-five years after receiving a threat to bring a suit has not been pursuing his rights diligently. *See Pratt v. Barnard*, 159 Kan. 255, 154 P.2d 133, 137 (1944) (mere allegation of threats not sufficient to toll statute of limitations); *Baye v. Diocese of Rapid City*, 630 F.3d 757, 761–62 (8th Cir. 2011) (threats must continue to the point that action is brought); *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 358 (5th Cir. 2011) (same); *Rakes v. United States*, 442 F.3d 7, 26 (1st Cir. 2006) (same). Steven's proposed amended complaint does not allege sufficient facts showing that he has been continuously threatened for more than twenty-five years up until the filing of the complaint in 2016. Therefore, Steven's proposed amended complaint does not support a conclusion that he has been pursuing his rights diligently.

Turning to the second requirement, Steven's allegations do not support a finding that there were extraordinary circumstances that prevented a timely filing. Steven contends that Toyota's alleged threats included revocation of the franchise, appointing a second Toyota franchise in Steven's area, decreasing Steven's car allocation, and conducting excessive audits. But, as pointed out by Toyota, all of these alleged threats are the basis of Steven's claim under the ADDCA. Therefore, Eddy's clearly had a legal remedy for these threats that were being allegedly made by Toyota. "Equitable tolling is a 'rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" *Orr v. Husch Blackwell LLP*, No. 16-2694-CM, 2017 WL 3873731, at *7 (D. Kan. Sept. 5, 2017), *aff'd*, 718 F. App'x

759 (10th Cir. 2018) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). This is not an unusual circumstance. Rather, these threats are the basis of a claim under the ADDCA. The authority cited by Steven does not support his position.

Steven states that *Sarfati v. Antigua & Barbuda*, 923 F. Supp.2d 72 (D. D. C. 2013), "is also instructive and supports the argument that a defendant's threats may give rise to equitable tolling of the statute of limitations." (Doc. 15 at 9.) In *Sarafti*, the plaintiff allegedly received threats of arrest and extradition, clearly an extraordinary circumstance. 923 F. Supp.2d at 81. In *Jaso*, the allegations were that the plaintiff was threatened at gunpoint and there was an attempt to kidnap his son. 435 F. App'x at 358. None of the other authority cited by Steven support a finding that these types of business threats allegedly made by Toyota are extraordinary and would prohibit Steven from asserting his rights.

Steven has also failed to cite any Kansas authority for the proposition that equitable tolling is applicable to a promissory estoppel claim. Nor has Steven cited any Kansas authority for the proposition that equitable tolling is appropriate in this situation. In *Orr v. Husch Blackwell LLP*, No. 16-2694-CM, 2017 WL 3873731, at *7 (D. Kan. Sept. 5, 2017), *aff'd*, 718 F. App'x 759 (10th Cir. 2018), Judge Murguia held that equitable tolling was not applicable to a case in which the plaintiff claimed that the defendant intimidated him and financially starved him. That was not an extraordinary circumstance. *Id.*

The court finds that the alleged threats are not sufficient to toll the statute of limitations in this matter for more than twenty-five years.

Steven also contends that Toyota should be equitably estopped from raising the defense of statute of limitations. For equitable estoppel to apply, Steven must allege that Toyota "by its acts, representations, admissions, or silence when it had a duty to speak, induced [Steven] to

believe certain facts existed, and also that the first party rightfully relied and acted upon such belief." *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 994 (10th Cir. 2019) (quoting *Mut. Life Ins. Co. of N.Y. v. Bernasek*, 235 Kan. 726, 682 P.2d 667, 730 (1984)). There are no such allegations in the proposed amended complaint.

Therefore, Steven's claim of promissory estoppel in the proposed amended complaint is barred by the statute of limitations.

**IV.     Conclusion**

Toyota's motion to dismiss (Doc. 5) is GRANTED. Because the claims in the proposed amended complaint are subject to dismissal for the reasons stated herein, Steven's motion to amend (Doc. 16) is DENIED as futile. The clerk is directed to enter judgment in accordance with this order.

IT IS SO ORDERED this 30th day of October, 2019.

___s/ John W. Broomes_____<br>
JOHN W. BROOMES<br>
UNITED STATES DISTRICT JUDGE